This is an appeal from a Jackson County Common Pleas Court judgment finding Jesse Penix, defendant below and appellant herein, to be a sexual predator under R.C. 2950.01 et seq.
Appellant raises the following assignments of error for our review:
FIRST ASSIGNMENT OF ERROR:
 "THE TRIAL COURT ERRED IN MAKING ITS FINDING THAT PENIX WAS A SEXUAL PREDATOR."
SECOND ASSIGNMENT OF ERROR:
 "OHIO REVISED CODE CHAPTER 2950, AS APPLIED THROUGH SECTIONS 2950.04 AND 2950.09 TO CONDUCT PRIOR TO THE EFFECTIVE DATE OF THIS STATUTE, VIOLATES THE EX POST FACTO CLAUSE OF THE UNITED STATES CONSTITUTION."
THIRD ASSIGNMENT OF ERROR:
 "R.C. CHAPTER 2950, AS AMENDED BY H.B. 180, IS UNCONSTITUTIONAL AS APPLIED TO PENIX, BECAUSE IT VIOLATES THE STATE AND FEDERAL CONSTITUTIONAL PROSCRIPTIONS AGAINST DOUBLE JEOPARDY ARISING FROM MULTIPLE PUNISHMENTS FOR THE SAME OFFENSE."
In 1981, appellant was convicted of rape, felonious assault, and kidnapping. On December 23, 1983, we affirmed the trial court's judgment of conviction and sentence. See State v. Penix
(Dec. 23, 1983), Jackson App. No. 461, unreported. We note that appellant is presently incarcerated pursuant to the trial court's 1981 judgment of conviction and sentence.
On July 6, 1998, the trial court conducted a sexual predator classification hearing. At the hearing appellant argued that the sexual predator classification sentence violates the double jeopardy clauses of both the United States Constitution and the Ohio Constitution. The trial court rejected appellant's argument. We note that at the hearing neither the prosecution nor appellant's counsel addressed the merits or the substance of the issue of whether appellant should be classified as a sexual predator.
On July 22, 1998, the trial court issued a judgment entry providing that appellant "meets the requirements as a sexual predator" and "designates and classifies" appellant as a sexual predator. Appellant timely appealed the trial court's judgment.
 I
In his first assignment of error, appellant asserts that the trial court erred in finding him to be a sexual predator. Appellant contends that the trial court failed to conduct a "meaningful hearing." Appellant notes that the Ohio General Assembly has established various criteria to assist courts in sexual predator classification determinations, including,inter alia, the nature and the circumstances of the crime and the offender's prior criminal record. Appellant further notes that the statutes set forth "certain procedural and evidentiary safeguards" including both parties' right to present evidence and witnesses.
Appellee points out that appellant's trial counsel focused his arguments on the constitutionality of the sexual predator provision. Appellant notes, however, that both his trial counsel and the prosecutor failed to address the merits of the sexual predator classification issue. Appellant requests this court to reverse and remand the trial court's judgment for "a proper hearing and determination."
In State v. Lawless (Oct. 14, 1998), Jackson 97CA823, unreported, we commented generally upon the procedural aspects of sexual predator classification proceedings:
 "R.C. 2950 et seq. establishes Ohio's sexual predator classification scheme. The statute lists the various factors that courts should consider when making a sexual predator classification determination. See R.C. 2950.09(B)(2). The statute also speaks to the manner in which the hearing should be conducted. R.C. 2950.09(B)(1) provides in pertinent part:
 The court shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense notice of the date, time, and location of the hearing. At the hearing, the offender and the prosecutor shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender is a sexual predator. The offender shall have the right to be represented by counsel and, if indigent, the right to have counsel appointed to represent the offender.
 Thus, the statute provides that the parties must have the opportunity to be heard in a meaningful manner.
 Additionally, we note that the classification proceeding need not be conducted in strict conformance with the Rules of Evidence. See State v. Lee (June 26, 1998), Hamilton App. No. C-970440, unreported; State v. Warner (Apr. 20, 1998), Butler App. No. CA97-03-064, unreported. Because classification hearings do not occur until after the offender has been convicted of the underlying offense, courts may, in their discretion, consider all reliable, substantive, and probative evidence, including reliable hearsay evidence, consistent with the notions of due process and fundamental fairness.
 In sexual predator classification proceedings, the prosecution has the burden to prove, by clear and convincing evidence[2], that the offender is likely to reoffend in the future. If the prosecution fails to meet its burden, the court must find that the offender is not likely to reoffend and that the offender should not be classified as a sexual predator."
Thus, the statutes contemplate a meaningful hearing. The prosecution must prove, by clear and convincing evidence, that the offender is likely to reoffend in the future. Moreover, the offender must be provided with a meaningful opportunity to contest the sexual predator classification request.
In the case sub judice, we find that appellant did not benefit from the procedural safeguards provided in the statute. Moreover, neither party addressed the underlying merits of the sexual predator classification issue. Therefore, we believe that appellant did not receive the benefit of counsel contemplated by the Sixth Amendment to the United States Constitution.
Accordingly, we sustain appellant's first assignment of error, reverse the trial court's judgment and remand this matter for further proceedings. We wish to emphasize, however, that our opinion should not be construed as a comment upon the merits of the sexual predator classification issue.
 II
In his second and third assignments of error, appellant asserts that the sexual predator classification scheme violates: (1) the Ex Post Facto Clause of the United States Constitution; and (2) the "state and federal constitutional proscriptions against double jeopardy arising from multiple punishments for the same offense." We disagree with appellant.
Recently, in State v. Cook (1998), 83 Ohio St.3d 404,700 N.E.2d 570, the Ohio Supreme Court concluded that Ohio's sexual predator classification scheme is not a retroactive law prohibited by Section 28, Article II, Ohio Constitution and does not violate the Ex Post Facto Clause of Section 10, Article I, United States Constitution. See, also, State v.Dykeman (Jan. 11, 1999), Athens App. No. 98CA20, unreported;State v. Lawless (Oct. 14, 1998), Jackson App. No. 97CA823, unreported; State v. Smith (July 20, 1998), Hocking App. No. 97CA10, unreported; State v. Johnson (Dec. 31, 1998), Lucas App. No. L-98-1202, unreported.
Appellant further argues that the sexual predator classification scheme results in multiple punishment for the same conduct. We note that in Cook the Ohio Supreme Court did not address the double jeopardy issue. We agree, however, with the majority of the Ohio courts that have held that Ohio's sexual predator classification scheme does not violate the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution. See State v. Johnson (Dec. 31, 1998), Lucas App. No. L-98-1202, citing State v. Gustafson (1996),76 Ohio St.3d 425, 668 N.E.2d 435; State v. Thomas (Dec. 31, 1998), Montgomery App. No. 17181, unreported; State v. Nuckols
(Aug. 26, 1998), Wayne App. No. 97CA76, unreported; State v.Duvall (Dec. 30, 1998), Lorain 97CA6863, unreported. Those courts have noted that the Ohio Supreme Court's Cook decision held that the sexual predator provisions are remedial, not punitive. Thus, the classification scheme does not punish appellant twice for the same conduct.
Accordingly, based upon the foregoing reasons we overrule appellant's second and third assignments of error.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CAUSEREMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part, reversed in part, and cause remanded for further proceedings consistent with our opinion. It is further ordered that the appellant shall recover of appellee the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Exceptions.
Harsha, J. Kline, P.J.: Concur in Judgment Opinion
For the Court
 BY: _______________________ Peter B. Abele, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[2] We note that clear and convincing evidence is "the amount of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations to be proved. It is an intermediate standard of proof, being more than a preponderance of the evidence and less than evidence beyond a reasonable doubt." State v. Ingram (1992), 82 Ohio App.3d 341,346, 612 N.E.2d 454, 458. See, also, Cross v. Ledford (1954),161 Ohio St. 469, 120 N.E.2d 118.